**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4027**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

MICHAEL POWELL,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (1:08-cr-00370-JFM-1)

_____

Submitted: December 21, 2010      Decided: January 3, 2011

_____

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Richard B. Bardos, SCHULMAN, TREEM, KAMINKOW & GILDEN, P.A., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Joshua L. Kaul, Michael Joseph Leotta, Charles Joseph Peters, Sr., Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Powell appeals his conviction and 292-month sentence of imprisonment following his guilty plea to one count of conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), 846 (2006). Powell's attorney filed his appellate brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in using a 100:1 crack cocaine to powder cocaine ratio to sentence Powell, but concluding that Powell waived appellate review of this issue. Powell filed a pro se supplemental brief claiming that he had no notice of the career offender sentence, that one of his prior convictions did not qualify as a crime of violence within the meaning of U.S. Sentencing Guideline Manual ("USSG") § 4B1.2 (2009), and that the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010) reduced the mandatory minimum sentence that he faced.[*] The Government moves to dismiss the appeal on the basis of the waiver of appellate rights contained in Powell's plea agreement.

---

[*] Powell was not sentenced using the career offender level of thirty-four under USSG § 4B1.1 because the drug weight attributable to him under USSG § 2D1.1(c)(1) resulted in an adjusted offense level of thirty-five. Powell was, however, sentenced using a career offender criminal history category of VI, rather than a category V where his criminal history points placed him.

Powell's counsel does not oppose the motion. We dismiss the appeal in part and affirm in part.

We first conclude that Powell has waived his right to appeal his sentence. A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). To determine whether a waiver is knowing and intelligent, this court examines the background, experience, and conduct of the defendant. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Federal Rule of Criminal Procedure 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived the right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Powell knowingly and voluntarily waived the right to appeal any sentence imposed within the applicable guideline range using an adjusted offense level of thirty-five. The sentencing issues that Powell raises on appeal fall within the scope of this

waiver. We therefore grant the Government's motion to dismiss in part and dismiss this portion of the appeal.

Although the appellate waiver precludes our review of the sentence, it does not preclude our review of any errors in Powell's conviction that may be revealed pursuant to the review required by Anders. Therefore, we deny the motion to dismiss in part. We have examined the entire record in accordance with Anders, including the transcript of the Rule 11 hearing, and have found no meritorious issues for appeal. Accordingly, we affirm Powell's conviction.

This court requires that counsel inform Powell, in writing, of his right to petition the Supreme Court for further review. If Powell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Powell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4